ERNST AEHLE, Respondent, v. CHARLES BRAND et al., Appellants.

St. Louis Court of Appeals, July 5, 1913.

Ellis v. Brand *et al., ante,* followed.

Appeal from St. Louis County Circuit Court.—*Hon. G. A. Wurdeman,* Judge.

REVERSED AND REMANDED (*with directions*).

P. A. *Griswold* and *England & England* for appellant.

*Albert E. Hausman* for respondent.

ALLEN, J.—This is a companion case to that of Ellis v. Brand et al., just decided by this court, *ante*, page 383. The action is upon an account for work and labor alleged to have been performed for the defendants, as partners. The suit originated before a justice of the peace, where plaintiff had judgment against both defendants for the amount of his claim, and the appellant, Charles Brand, duly perfected an appeal to the circuit court. In the latter court, the cause was tried before the court without a jury, again resulting in a judgment for plaintiff against both defendants, and defendant Brand appeals.

The action proceeds upon the theory that the defendants were partners in the enterprise under discussion in the Ellis case, above referred to, and it is sought to hold the appellant liable as a partner for the obligations of the alleged partnership. Also here, as there, the evidence discloses that the plaintiff was employed by the defendant Allen, and there is no evidence that appellant held himself out to plaintiff as a partner or in any way conducted himself so as to be estopped, as to plaintiff, to deny the existence of a partnership. By stipulation of counsel, it was agreed that the evidence in the Ellis case, relating to the alleged partnership between the defendants, was to be incorporated into the record in this case; there being no other or further evidence having any material bearing on that question.

For the reasons given in Ellis v. Brand, supra, we hold that there was no partnership existing between these defendants, and hence no liability was cast upon appellant for the payment of plaintiff's claim. The judgment therefore must be reversed and the cause remanded with directions to enter judgment against the defendant Allen alone. It is so ordered. *Reynolds, P. J.,* and *Nortoni, J.,* concur.